UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

CITY OF WESTLAND POLICE AND FIRE :   Civil Action No. 1:18-cv-08049-RA
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated, :   <u>CLASS ACTION</u>
                              :
                Plaintiff, :
                              :
       vs. :
                              :
PHILIP MORRIS INTERNATIONAL INC., :
ANDRÉ CALANTZOPOULOS, MARTIN G. :
KING and JACEK OLCZAK, :
                              :
             Defendants. :

——————————————————————————

WAYNE GILCHRIST Individually and on :   Civil Action No. 1:18-CV-09856-RA
Behalf of All Others Similarly Situated, :
                              :   <u>CLASS ACTION</u>
                Plaintiff, :
                              :
       vs. :
                              :
PHILIP MORRIS INTERNATIONAL INC., :
ANDRÉ CALANTZOPOULOS, MARTIN G. :
KING and JACEK OLCZAK, :
                              :
             Defendants. :

——————————————————————— x

**MEMORANDUM OF LAW IN SUPPORT OF TEAMSTERS LOCAL 710 PENSION FUND'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................................1

II. SUMMARY OF THE ACTION .........................................................................................3

III. ARGUMENT .......................................................................................................................4

    A.  The Related Actions Should Be Consolidated ..........................................................4

    B.  The Pension Fund Should Be Appointed Lead Plaintiff ...........................................4

        1.  The Pension Fund's Motion Is Timely .........................................................5

        2.  The Pension Fund Possesses the Largest Financial Interest .......................5

        3.  The Pension Fund Otherwise Satisfies Rule 23 ...........................................5

    C.  The Pension Fund's Selection of Counsel Should Be Approved ............................6

IV. CONCLUSION ....................................................................................................................8

## I.      INTRODUCTION

Presently pending in this Court are two related securities class actions (the "Related Actions") brought on behalf of purchasers of Philip Morris International Inc. ("Philip Morris" or the "Company") common stock between February 8, 2018 until April 18, 2018.[1]

Class member and proposed lead plaintiff Teamsters Local 710 Pension Fund (the "Pension Fund") respectfully submits this memorandum of law in support of its motion for an order: (1) consolidating the Related Actions pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"); (2) appointing the Pension Fund lead plaintiff pursuant to the PSLRA, 15 U.S.C. §78u-4, *et seq*.; and (3)

---

[1]    The Related Actions are: (1) *City of Westland Police and Fire Retirement System v. Philip Morris International Inc., et al*., No. 1:18-cv-08049, filed September 4, 2018; and (2) *Gilchrist v. Philip Morris International Inc., et al*., No. 1:18-cv-09856, filed October 25, 2018 (the "Related Actions").   A third action, *Greater Pennsylvania Carpenters' Pension Fund  v. Philip Morris International Inc., et al*., No. 1:18-cv-08814 (the "*Greater Pennsylvania* Action"), was filed on September 26, 2018 alleging a class period of July 26, 2016 through April 18, 2018 and additional facts not alleged in the Related Actions.

Plaintiff City of Westland previously requested that the Court strike the class allegations in the *Greater Pennsylvania* Action or direct plaintiff *Greater Pennsylvania* to publish notice in accordance with 15 U.S.C. §78u-4(a)(3)(A) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  *See* ECF No. 32 at 2-3.  At the conference before the Court on November 2, 2018, counsel for *Greater Pennsylvania* argued to the Court that no notice of the expanded period was required, *see* Declaration of David A. Rosenfeld in Support of Teamsters Local 710 Pension Fund's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Rosenfeld Decl."), Ex. A, yet only hours later (at 5:14 p.m. to be exact), it issued a press release announcing the pendency of the *Greater Pennsylvania* Action.  *See id.*, Ex. B.  But, instead of providing investors with 60 days to decide if they wanted to seek appointment as lead plaintiff during the expanded period, they provided <u>3 days notice</u> (notice was published on Friday evening, letting investors know that they could make a motion for lead plaintiff in the expanded case by Monday).  The publication of notice of an expanded class period and expanded allegations shortly before the motion deadline fails to satisfy the notice requirements of the PSLRA.  *See, e.g., Yeung v. Akorn, Inc*., Case No. 1:15-cv-01944 (N.D. Ill. June 15, 2015) (slip op.) (Rosenfeld Decl. Ex. C) (requiring republication of notice and extending deadline for 60 days where notice of expanded class period was filed on day of original PSLRA deadline for making motions); *see also Hachem v. GE Inc.*, No. 17-cv-8457 (JMF), 2018 U.S. Dist. LEXIS 62278, at *6 (S.D.N.Y. Apr. 11, 2018) (requiring publication of a new PSLRA notice where complaint "alter[ed] dramatically the gravamen of the claims alleged against Defendants."); *Dube v. Signet Jewelers Ltd.*, No. 16-CV-6728 (JMF), 2017 U.S. Dist. LEXIS 57624, at *6 (S.D.N.Y. Apr. 14, 2017) (same).

approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the proposed class.

       In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); §III.A., *infra*. As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the Pension Fund is the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Fund is an experienced and sophisticated institutional investor with ample resources and the capability to oversee complex litigation. In addition to timely filing its motion, the Pension Fund has a significant financial interest – an interest believed to be greater than that of any competing movant. And, the Pension Fund meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because its claims are typical of those of absent class members and the Pension Fund will fairly and adequately represent the interests of the proposed class. The Pension Fund has also selected Robbins Geller to serve as lead counsel for the putative class in the event its motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Fund's chosen counsel has extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and approving the Pension Fund's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.C, *infra*.

## II.   SUMMARY OF THE ACTION

Philip Morris is one of the largest and most recognizable cigarette and tobacco manufacturing companies in the world.  The Company's subsidiaries and affiliates and their licensees are engaged in the manufacture and sale of cigarettes and other nicotine-containing products in markets outside of the United States.

The Complaints filed in the Related Actions allege that defendants issued false and misleading statements during the Class Period concerning stagnant or negative sales trends that the Company has been facing due to declining smoking percentages worldwide.  Specifically, the Complaints allege that, throughout the Class Period, defendants reassured investors that these trends were being successfully offset by new sales initiatives and that favorable sales trends had continued into the first quarter of 2018.  As a result of these misrepresentations, Philip Morris stock traded at artificially inflated price levels throughout the Class Period.

Then, on April 19, 2018, Philip Morris issued a press release announcing disappointing results for the Company's first quarter of 2018.  Against its easiest prior-year comparison, the Company reported that combined cigarette and heated tobacco unit shipment volume had declined by 2.3% during the quarter.  The Company also stated that key sales initiatives had stalled, as the Company's heated tobacco unit growth had plateaued due to market demographics and faltering consumer conversion tactics and, further, that cigarette shipments had fallen by 5.3% during the quarter, signaling persistent adverse trends in the business.

On this news, the price of Philip Morris stock declined $15.80 per share, or more than 15%, to close at $85.64 per share on April 19, 2018.  As a result of defendants' wrongful acts and omissions, the Pension Fund and other class members purchased Philip Morris common stock at artificially inflated prices.  However, after the above revelations entered the market, the price of

Philip Morris stock dropped nearly 22% from its Class Period high, causing economic harm and damage to the Pension Fund and other class members.

III.   ARGUMENT

   A.   The Related Actions Should Be Consolidated

The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  Here, the Related Actions assert identical claims on behalf of purchasers of Philip Morris common stock during the same Class Period against the same defendants for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").

Because the complaints filed in the Related Actions are based on the same facts and involve the same subject matter, the cases should be consolidated.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); s*ee also In re Barrick Gold Corp. Sec. Litig*., No. 17 Civ. 3507 (NRB0, 2017 WL 4862779, at *1 (S.D.N.Y. Oct. 4, 2017) (consolidating related securities class actions).

   B.   The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

   (aa) has either filed the complaint or made a motion in response to a notice . . .;

   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Pension Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Pension Fund's Motion Is Timely

On September 4, 2018, the date that the *Westland* action was filed, notice of the *Westland* complaint was published on *Business Wire* and advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days.  *See* Rosenfeld Decl., Ex. D.  Because the Pension Fund's motion has been timely filed by the statutory deadline, the Pension Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Fund Possesses the Largest Financial Interest

During the Class Period alleged in the *Westland* and *Gilchrist* complaints, the Pension Fund purchased 13,195 shares of Philip Morris stock and suffered $304,826.53 in losses.  *See* Rosenfeld Decl., Exs. E, F.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest during this Class Period.  Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Fund Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At this stage in the litigation, only a preliminary showing of typicality and adequacy is required."  *Barrick Gold*, 2017 WL 4862779, at *2.

"The typicality threshold is satisfied where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise."  *Id*.  The Pension Fund satisfies this requirement because, just like all other class members, it: (1) purchased Philip

Morris common stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

The adequacy requirement of Rule 23 "is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* at *3. Here, the Pension Fund is an adequate representative of the class because its interests are aligned with the putative class and there is no evidence of any antagonism between the Pension Fund's interests and the class's interests. The Pension Fund has retained competent and experienced counsel to prosecute these claims. Finally, the Pension Fund's substantial loss provides the requisite interest to ensure vigorous advocacy. Thus, the Pension Fund satisfies the adequacy requirements of Rule 23(a)(4).

Accordingly, the Pension Fund has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

### C.     The Pension Fund's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Indeed, the "PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Barrick Gold*, 2017 WL 4862779, at *3 (citation omitted). Here, the Pension Fund has selected Robbins Geller to serve as lead counsel for the proposed class. *See* Rosenfeld Decl., Ex. G.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation. District courts throughout the nation, including this Court, have noted

Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *Jackson Cty. Emps.' Ret. Sys. v. BHP Billiton Ltd.*, No. 16 Civ. 1445 (NRB), ECF No. 46 at 8 (S.D.N.Y. June 14, 2016) (approving institution's selection of Robbins Geller as lead counsel and finding Robbins Geller "has the experience and resources necessary to adequately litigate this case"); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. Aug. 10, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); Rosenfeld Decl., Ex. G.

Thus, the Court can be assured that by approving the Pension Fund's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

IV.     **CONCLUSION**

The Related Actions should be consolidated because they are virtually identical and share the same questions of law and fact.  In addition, the Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Fund respectfully requests that the Court grant its motion.

DATED:  November 5, 2018                       ROBBINS GELLER RUDMAN &
                                                 DOWD LLP
                                               SAMUEL H. RUDMAN
                                               DAVID A. ROSENFELD
                                               VINCENT M. SERRA
                                               ROBERT D. GERSON


                                                       /s/ *David A. Rosenfeld*
                                               DAVID A. ROSENFELD

                                               58 South Service Road, Suite 200
                                               Melville, NY  11747
                                               Telephone:  631/367-7100
                                               631/367-1173 (fax)
                                               srudman@rgrdlaw.com
                                               drosenfeld@rgrdlaw.com
                                               vserra@rgrdlaw.com
                                               rgerson@rgrdlaw.com

                                               ROBBINS GELLER RUDMAN &
                                                 DOWD LLP
                                               DANIELLE S. MYERS
                                               MICHAEL ALBERT
                                               655 West Broadway, Suite 1900
                                               San Diego, CA  92101-8498
                                               Telephone:  619/231-1058
                                               619/231-7423 (fax)
                                               dmyers@rgrdlaw.com
                                               malbert@rgrdlaw.com

                                               *[Proposed] Lead Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, I caused to be served the Notice of Appearance

upon all counsel of record through filing of these materials with the Court's Case Management and

Electronic Case Filing System.

/s/ David A. Rosenfeld

DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com
